UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

LLOYD R. BHAROSE,

    Plaintiff,

v.

MAIN STREET ACQUISITION CORP.,
O&L LAW GROUP, P. L. and
JONATHAN R. SINGER

    Defendants.

_____/

**COMPLAINT**
**FOR ACTUAL, STATUTORY AND PUNITIVE DAMAGES**

**JURY DEMAND**

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") and the tort of wrongful garnishment.

**JURISDICTION AND VENUE**

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k. Venue in this District is proper because the events alleged herein occurred in this District.

**PARTIES**

3.    Plaintiff, LLOYD R. BHAROSE, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, MAIN STREET ACQUISITION CORP., ("Main Street") is a corporation formed under the laws of the State of Nevada and citizen of the State of Nevada with its principal place of business at Unit 303, 2877 Paradise Road, Las Vegas, Nevada 89109.

5. Main Street is registered with the Florida Department of State Division of Corporations as a foreign corporation. Its registered agent for service of process is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

6. Main Street is registered with the Florida Office of Financial Regulation as a consumer collection agency.

7. Main Street regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Main Street regularly collects or attempts to collect debts for other parties.

9. Defendant, O&L LAW GROUP, P. L., ("O&L") is a limited liability company formed under the laws of the State of Florida with its principal place of business at 4818 West Gandy Boulevard, Tampa, Florida 33611.

10. O&L is registered with the Florida Secretary of State as a Florida limited liability company. The Secretary's records show Defendant's registered agent as Michael L. Lundy, 4818 West Gandy Boulevard, Tampa, Florida 33611.

11. O&L regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

12. O&L regularly collects or attempts to collect debts due to other parties.

13. Defendant, JONATHAN R. SINGER, ("Singer") is a natural person and member of the Florida Bar.

14. Singer's principal place of business is located at 4818 West Gandy Boulevard, Tampa, Florida 33611.

15. Singer is a principal of O&L.

16. Singer regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

17. Singer regularly collects or attempts to collect debts due to other parties.

## **FACTUAL ALLEGATIONS**

18. On or about April 15, 2007, Washington Mutual issued Plaintiff a credit card.

19. Plaintiff used the credit card for his own personal, family and household purposes.

20. Plaintiff failed to make timely payments on the account.

21. On or about May 31, 2010, the account went into default.

22. Thereafter, Main Street acquired the account through assignment.

23. On or about July 8, 2011, Main Street filed suit against Plaintiff seeking to collect the alleged debt. See Statement of Claim, attached as Exhibit "A".

24. On or about January 4, 2012, Main Street obtained a default judgment against Plaintiff, attached as Exhibit "B".

25. On or about September 13, 2018, O&L filed a Notice of Appearance, signed by Singer, as counsel for Main Street, attached as Exhibit "C".

26. On or about October 11, 2018, Defendants filed a motion for continuing writ of garnishment against Plaintiff's employer, attached as Exhibit "D".

27. On November 7, 2018, the Broward County Court issued a wit of garnishment against Plaintiff's employer, attached as Exhibit "E".

28. On December 4, 2018, Defendants served, via email only, and only on Plaintiff's then counsel, with the notice required by Fla. Stat. §77.041, ("the first notice"), attached as Exhibit "F".

29. Defendants did not send Exhibit " H " to Plaintiff via United States mail.

30. Defendants did not send Exhibit " H " to Plaintiff at all.

31. On December 13, 2018, Plaintiff's employer answered the writ of garnishment, attached as Exhibit "G".

32. On December 13, 2018, Defendants served, via email only, and only on Plaintiff's then counsel with the notice required by Fla. Stat. §77.055, ("the second notice"), attached as Exhibit "H".

33. Defendants did not send Exhibit " H " to Plaintiff via United States mail.

34. Defendants did not send Exhibit " H " to Plaintiff at all.

35. On February 7, 2019, Plaintiff filed a motion to dissolve the writ of garnishment, attached as Exhibit "I".

36. On February 20, 2019, Defendants filed an opposition to the motion to dissolve the writ of garnishment, attached as Exhibit "J".

37. On February 21, 2019, the state court held a hearing on the motion to dissolve the writ of garnishment. See hearing transcript, attached as Exhibit "K".

38. On February 22, 2019, the state court entered an order granting the motion to dissolve the writ of garnishment and dissolving the writ and ordering Plaintiff's employer to return the garnished funds, attached as Exhibit "L".

39. On February 28, 2019, Defendants filed a motion for rehearing, attached as Exhibit "M".

40. On March 6, 2019, the state court issued an order denying the motion for rehearing, attached as Exhibit "N".

41. On March 13, 2019, Defendants filed a notice of appeal of the state court order dissolving the writ of garnishment.

42. The appeal has been fully briefed.

43. As of the filing of this complaint, the state court has not issued an order regarding the appeal.

44. Plaintiff's employer withheld $4,173.32 from Plaintiff's wages pursuant to the requirements of the writ of garnishment.

45. Defendants are intimately familiar with the garnishment statutes and knew of their responsibilities imposed by those statutes and failed to comply with those statutes.

46. Defendants knowingly, intentionally and with malice failed to inform Plaintiff of his rights under Fla. Stat. Fla. Stat. §77.041 and §77.055 to dissolve the writ by failing send the two notices directly to Plaintiff , not his counsel, via United States Mail.

47. The tort of wrongful garnishment has six elements:

> Under Florida law, the tort of wrongful garnishment has the same elements as the tort of malicious prosecution. <u>Burshan v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA</u>, 805 So. 2d 835, 844-45 (Fla. 4th DCA 2001); <u>Iowa Mut. Ins. Co. v. Gulf Heating & Refrigeration Co.</u>, 184 So. 2d 705, 706 (Fla. 2d DCA 1966) ("It is well established that the principles governing a common law action for the wrongful issuance of such writs [of garnishment] are those common law principles applicable to actions for malicious prosecution."), <u>quashed on other grounds</u>, 193 So. 2d 4 (Fla. 1966). Those six elements are: (1) the defendant commenced or continued a proceeding against the plaintiffs, (2) the defendant was the legal cause of that proceeding, (3) the plaintiffs received a "bona fide termination" of the proceeding in their favor, (4) the defendant did not have "probable cause" for the proceeding, (5) the defendant acted with "legal malice"; and (6) the plaintiffs suffered damages. <u>See Adams v. Whitfield</u>, 290 So. 2d 49, 51 (Fla. 1974).

*Barniv v. BankTrust*, 579 F. App'x 719, 720 (11th Cir. 2014)

48. Regarding the first element, Defendants lack of probable cause to *continue* the garnishment proceeding evaporated when they failed to comply with the garnishment statutes by failing to send the notices required by Fla. Stat. Fla. Stat. §77.041 and §77.055 directly to Plaintiff via United States Mail.

49. The state court held that this failure was fatal to the validity of the writ of garnishment and dissolved the writ.

50. Because Defendants opposed Plaintiff's motion to dissolve the writ of garnishment both in writing an at the hearing on the motion, Defendants conduct was intentional.

51. Because Defendants conduct was intentional, they do not meet the unintentional element of the *bona fide* error defense authorized by the FDCPA and are thus not entitled to that defense.

52. Regarding the second element, Defendants filed the motion for writ of garnishment so they are the cause of the garnishment proceeding.

53. Regarding the third element, Plaintiff received a bona fide termination of the proceeding in his favor, an order granting his motion to dissolve the writ of garnishment.

54. Regarding the fourth element, Defendants lack of probable cause to *continue* the garnishment proceeding evaporated when they failed to comply with the garnishment statutes because they had no right to continue the garnishment when they had not given Plaintiff the notices strictly due him under Florida law.

55. Regarding the fifth element, legal malice, as the Supreme Court of Florida has stated, the lack of probable cause establishes legal malice:

> We also stated that the element of malice need not be proven directly, but may be implied or inferred from want of probable cause. In other words, it is not necessary to prove *actual* malice in order to recover for malicious prosecution; only *legal* malice is necessary, and this legal malice *may* be inferred entirely from a lack of probable cause.

*Adams v. Whitfield*, 290 So. 2d 49, 51 (Fla. 1974) (emphasis in original)

Because Plaintiff demonstrates a lack of probable cause to continue the garnishment proceeding, he meets by definition the requirement of legal malice.

56. Regarding the sixth element, Plaintiff suffered damages in the form of $4,173.32 withheld from his wages along with emotional distress associated with his inability to obtain his wages.

57. The same lack of probable cause that establishes legal malice also establishes the right to punitive damages. The Supreme Court of Florida has held:

> An award of punitive damages also requires only proof of *legal* malice, not necessarily actual malice, and this is true whether the cause of action is for malicious prosecution, for some other tort, or for a breach of contract

7

*Adams v. Whitfield*, 290 So. 2d 49, 51 (Fla. 1974) (emphasis in original)

58. Debt collectors who violate the FDCPA obtain an unfair competitive advantage over debt collectors who comply with the law.

59. This suit advances the purpose of the FDCPA which is, in part, to insure that debt collectors who comply with the law are not competitively disadvantaged by those who violate the law.

> Purposes. It is the purpose of this title [15 USCS §§ 1692 et seq.] to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

15 USC § 1692 e

60. Regarding the first notice, Fla. Stat. §77.041(2) requires that "[t]he plaintiff must mail, by first class, a copy of the writ of garnishment, a copy of the motion for writ of garnishment, and, if the defendant is an individual, the "Notice to Defendant" to the defendant's last known address within 5 business days after the writ is issued or 3 business days after the writ is served on the garnishee, whichever is later."

61. Regarding the second notice, Fla. Stat. §77.055 again requires Defendants to serve the notice by United States mail directly on Plaintiff, not his counsel and not via email.

62. Because Defendants did not serve the notices on directly on Plaintiff via United States mail, the writ of garnishment became invalid: "… garnishment statutes must be strictly construed." Marquez v. Bluecare Home Health Services, Inc., 363 So.3d

563, 565 (Fla. 3rd DCA 2013). "…statutory provisions regarding exemptions from garnishment must be strictly construed in favor of the debtor." Id. (*citing* Cadle Co. v. G & G Assocs., 757 So.2d 1278, 1279 (Fla. 4th DCA 2000).

63. A garnishor's failure to comply with the requirements of §77.055 and properly notify all persons disclosed to have an interest in the garnished property is a sufficient basis alone for reversing a garnishment order. *See T-Jett Enter., Inc. v. Ernest and Stewart, Inc.,* 543 So.2d 390, 391 (Fla.3d DCA 1989); *Cruise Control, Inc. v. Tyler,* 577 So.2d 709, 710 (Fla. 2d DCA 1991).

64. Defendants completely failed to serve the two notices on Plaintiff, rendering the writ of garnishment without probable cause and wrongful.

65. Defendants failure to *personally* serve the two notices on Plaintiff, not his counsel, rendered the writ of garnishment invalid and lacking in probable cause.

## COUNT I
## WRONGFUL GARNISHMENT AGAINST MAIN STREET

66. Plaintiff incorporates Paragraphs 1 through 65.

67. Main Street wrongfully continued pursuing a writ of garnishment after failing to serve the required first and second notice on Plaintiff, did so knowingly, and with legal malice.

WHEREFORE, Plaintiffs requests that the Court enter judgment in favor of Plaintiff and against Main Street for:

    a. Actual and Punitive damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

  c. Such other or further relief as the Court deems proper.

## COUNT II
## WRONGFUL GARNISHMENT AGAINST O&L

68. Plaintiff incorporates Paragraphs 1 through 65.

69. O& L wrongfully continued pursuing a writ of garnishment after failing to serve the required first and second notice on Plaintiff, did so knowingly, and with legal malice.

WHEREFORE, Plaintiffs requests that the Court enter judgment in favor of Plaintiff and against O& L for:

  a. Actual and Punitive damages;

  b. Attorney's fees, litigation expenses and costs of suit; and

  c. Such other or further relief as the Court deems proper.

## COUNT III
## WRONGFUL GARNISHMENT AGAINST SINGER

70. Plaintiff incorporates Paragraphs 1 through 65.

71. Singer wrongfully continued pursuing a writ of garnishment after failing to serve the required first and second notice on Plaintiff, did so knowingly, and with legal malice.

WHEREFORE, Plaintiffs requests that the Court enter judgment in favor of Plaintiff and against Singer for:

  a. Actual and Punitive damages;

  b. Attorney's fees, litigation expenses and costs of suit; and

  c. Such other or further relief as the Court deems proper.

## COUNT IV
## DECEPTIVE FAILURE TO NOTIFY PLAINTIFF OF HIS RIGHTS IN THE FIRST NOTICE AGAINST MAIN STREET

72. Plaintiff incorporates Paragraphs 1 through 65.

73. Main Street deceptively and misleadingly failed to notify Plaintiff of his rights by failing to serve the first notice in violation of 15 U.S.C. §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Main Street for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT V
## DECEPTIVE FAILURE TO NOTIFY PLAINTIFF OF HIS RIGHTS IN THE FIRST NOTICE AGAINST O&L

74. Plaintiff incorporates Paragraphs 1 through 65.

75. O&L deceptively and misleadingly failed to notify Plaintiff of his rights by failing to serve the first notice in violation of 15 U.S.C. §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against O&L for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT VI
## DECEPTIVE FAILURE TO NOTIFY PLAINTIFF OF HIS RIGHTS IN THE FIRST NOTICE AGAINST SINGER

76. Plaintiff incorporates Paragraphs 1 through 65.

77. Singer deceptively and misleadingly failed to notify Plaintiff of his rights by failing to serve the first notice in violation of 15 U.S.C. §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Singer for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT VII
## DECEPTIVE FAILURE TO NOTIFY PLAINTIFF OF HIS RIGHTS IN THE SECOND NOTICE AGAINST MAIN STREET

78. Plaintiff incorporates Paragraphs 1 through 65.

79. Main Street deceptively and misleadingly failed to notify Plaintiff of his rights by failing to serve the second notice in violation of 15 U.S.C. §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Main Street for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT VIII
## DECEPTIVE FAILURE TO NOTIFY PLAINTIFF OF HIS RIGHTS IN THE SECOND NOTICE AGAINST O&L

80. Plaintiff incorporates Paragraphs 1 through 65.

81. O&L deceptively and misleadingly failed to notify Plaintiff of his rights by failing to serve the second notice in violation of 15 U.S.C. §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against O&L for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT IX
## DECEPTIVE FAILURE TO NOTIFY PLAINTIFF OF HIS RIGHTS IN THE SECOND NOTICE AGAINST SINGER

82. Plaintiff incorporates Paragraphs 1 through 65.

83. Singer deceptively and misleadingly failed to notify Plaintiff of his rights by failing to serve the second notice in violation of 15 U.S.C. §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Singer for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT X
## USE OF UNFAIR MEANS TO COLLECT A DEBT BY FAILING TO NOTIFY PLAINTIFF OF HIS RIGHTS IN THE FIRST NOTICE AGAINST MAIN STREET

84. Plaintiff incorporates Paragraphs 1 through 65.

85. Main Street used an unfair means to collect a debt by failing to notify Plaintiff of his rights by failing to serve the first notice in violation of 15 U.S.C. §1692f.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Main Street for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT XI
## USE OF UNFAIR MEANS TO COLLECT A DEBT BY FAILING TO NOTIFY PLAINTIFF OF HIS RIGHTS IN THE FIRST NOTICE AGAINST O&L

86. Plaintiff incorporates Paragraphs 1 through 65.

87. O&L used an unfair means to collect a debt by failing to notify Plaintiff of his rights by failing to serve the first notice in violation of 15 U.S.C. §1692f.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against O&L for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT XII
## USE OF UNFAIR MEANS TO COLLECT A DEBT BY FAILING TO NOTIFY PLAINTIFF OF HIS RIGHTS IN THE FIRST NOTICE AGAINST SINGER

88. Plaintiff incorporates Paragraphs 1 through 65.

89. Singer used an unfair means to collect a debt by failing to notify Plaintiff of his rights by failing to serve the first notice in violation of 15 U.S.C. §1692f.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Singer for:

    a.     Damages;

    b.     Attorney's fees, litigation expenses and costs of suit; and

    c.     Such other or further relief as the Court deems proper.

### COUNT XIII
### USE OF UNFAIR MEANS TO COLLECT A DEBT BY FAILING TO NOTIFY PLAINTIFF OF HIS RIGHTS IN THE SECOND NOTICE AGAINST MAIN STREET

90.     Plaintiff incorporates Paragraphs 1 through 65.

91.     Main Street used an unfair means to collect a debt when it failed to notify Plaintiff of his rights by failing to serve the second notice in violation of 15 U.S.C. §1692f.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Main Street for:

    a.     Damages;

    b.     Attorney's fees, litigation expenses and costs of suit; and

    c.     Such other or further relief as the Court deems proper.

### COUNT XIV
### USE OF UNFAIR MEANS TO COLLECT A DEBT BY FAILING TO NOTIFY PLAINTIFF OF HIS RIGHTS IN THE SECOND NOTICE AGAINST O&L

92.     Plaintiff incorporates Paragraphs 1 through 65.

93.     O&L used an unfair means to collect a debt when it failed to notify Plaintiff of his rights by failing to serve the second notice in violation of 15 U.S.C. §1692f.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against O&L for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT XII
## USE OF UNFAIR MEANS TO COLLECT A DEBT BY FAILING TO NOTIFY PLAINTIFF OF HIS RIGHTS IN THE SECOND NOTICE AGAINST SINGER

94. Plaintiff incorporates Paragraphs 1 through 65.

95. Singer used an unfair means to collect a debt when it failed to notify Plaintiff of his rights by failing to serve the second notice in violation of 15 U.S.C. §1692f.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Singer for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000

Facsimile: 954-566-2235
don@donyarbrough.com


Donald A. Yarbrough, Esq.
Florida Bar No. 0158658